IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY LUGLI,

                            Petitioner,,                    Case No. 3:04 CV 7350

                -vs-
                                                            MEMORANDUM   OPINION
ALAN LAZAROFF,

                            Respondent.
KATZ, J.

        Pending is the Report and Recommendation of Magistrate Judge George J. Limbert with

respect to a petition filed by Larry Lugli pursuant to 28 U.S.C. § 2254 for a writ of federal habeas

corpus; that petition was.  Thereafter, Petitioner filed a motion to amend his petition.  The Report

and Recommendation ("R & R") recommends to this Court that the Petitioner's motion to amend

his petition be denied and that the petition for writ of habeas corpus be dismissed with prejudice.

Petitioner has filed objections to the R & R.

        The Magistrate Judge's R & R consists of 37 pages in which he sets out in great detail the

long and tortured history of this case, beginning in early 1994 with the indictment of the Petitioner

by an Erie County, Ohio grand jury and ending with the declination of the Ohio Supreme Court to

accept jurisdiction and dismissing the appeal of the Petitioner on June 11, 2003.  The petition now

before the Court was filed on June 7, 2004 and sets forth 15 grounds fro relief.  On December 13,

2004 Petitioner filed an amendment seeking to add two additional grounds for relief.

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings and has considered the factual issues as well as the legal issues set forth in the pleadings and memoranda filed in this case.  For the following reasons, the Court finds Petitioner's objections are not well taken and the same are denied.

This Court agrees with the Magistrate Judge that Petitioner's fifth through fifteenth grounds for relief, based on ineffective assistance of counsel, have been procedurally defaulted. Petitioner did not raise grounds nine through fourteen in the state court on direct appeal or post conviction review, and grounds five through eight and fifteen were not presented to the Ohio Supreme Court on appeal.  Petitioner in the instant case has failed to present the ineffective assistance of counsel claims in grounds for relief lettered I, J, K, L, M and N before any of the Ohio courts and has failed to present ground O to the state appeals court.  Thus, those grounds for relief will be dismissed with prejudice as they are both unexhausted and procedurally defaulted.

As for grounds for relief E, F. G and H, while the Petitioner raised those issues in his petition for post conviction relief, they were not presented to the Ohio Supreme Court.  Thus, they are procedurally defaulted.

Further, Petitioner seeks to amend his habeas petition to include two claims of ineffective assistance of appellate counsel; See Amended Grounds 1C and 1D.  In doing so he seeks to present "cause" for his procedural default on grounds for relief F and G.  He asserts that his appellate counsel was deficient for failing to raise those grounds in his direct appeal.  Petitioner has the burden of showing cause and prejudice to overcome a procedural default.  *Lucas v. O'Dea,* 179 F.3d 412, 418 (6th Cir. 1999).

Because Petitioner's ineffective assistance of appellate counsel lacks merit, it cannot constitute cause to excuse his default. *Munson v. Kapture,* 384, F.3d 310 (6th Cir. 2004).  The R & R effectively and completely addresses the issue and concludes that the ground of ineffective assistance of appellate counsel as to claims 1C and 1D is at best meritless and at worst procedurally defaulted.  After review, this Court agrees.  Amending the petition cannot serve to cure the procedural default caused by Petitioner's lack of exhaustion of the original habeas claims F and G and thus, would be futile.  Therefore, the Court will deny Petitioner's grounds 1C and 1D in his motion to amend and dismiss Petitioner's grounds for relief F and G in his original petition with prejudice for failure to exhaust.

In his third and fourth grounds for relief Petitioner addresses his assertion that he received ineffective assistance of counsel at trial when that attorney failed to call an expert witness.  While presented to the Court of Appeals in Ohio, it was not in front of the Ohio Supreme Court.  The issue was raised in his petition for post-conviction relief.  The Ohio Court of Appeals, in denying post-conviction relief, considered the actual expert testimony that Petitioner proffered to support his claims, but denied relief, regardless of the content of the testimony, because the decision to call an expert witness is in the purview of defense counsel and an issue of trial tactics.  That issue was, therefore, found to be *res judicata* .  The Ohio courts' application of *res judicata* meets the test required under federal law and constitutes procedural default before this Court.  Therefore, due to the foregoing and because of the extremely cogent manner in which these issues were addressed by the Magistrate Judge, the Court will deny grounds 1A and 1B in Petitioner's motion to amend and dismiss with prejudice grounds for relief C and D in Petitioner's federal habeas corpus petition.

Finally, in his first and second grounds for relief, A and B respectively, Petitioner argues that he had ineffective assistance of trial counsel due to failure of counsel to impeach the truthfulness of witnesses.  These issues were raised and argued throughout the post-conviction relief process.  The Magistrate Judge found that nothing objectively unreasonable was contained in the Ohio courts application of the requirements set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) that a Defendant demonstrate 1) counsel's representation fell below an objective standard of reasonableness, and 2) counsel's deficient performance prejudiced the Defendant.  *Id.* At 694.  The Court will dismiss Petitioners first and second grounds for relief with prejudice.

Petitioner also seeks to amend his petition to include a claim that his Sixth Amendment right to confront the witness against him was violated.  The State courts of Ohio determined that under Ohio Rules of Evidence 803(2) and 803(4) the alleged hearsay statements could come in under the excited utterance and medical treatment exceptions.  Those decisions are binding upon this federal court.  Additionally, Petitioner was given the right to cross-examine his victim and, therefore, the State courts of Ohio did not violate his rights under the confrontation clause.  Given that the trial court gave Petitioner the required opportunity to cross-examine the victim, this Court cannot say that the trial court's decision to admit the victims testimony or the testimony of other witnesses was contrary to or an unreasonable application of clearly established Supreme Court precedent.

Because the R & R of Magistrate Judge Limbert so completely sets forth the issues before this Court and addresses the same in a very scholarly and logical manner, this Court will adopt in full that R & R as if fully rewritten herein.   Therefore, the Court finds that Petitioners fifteen grounds for relief are not well taken, that his two amendments are meritless and will deny his

4

motion to amend the petition.  The Court hereby dismisses the instant petition for writ of habeas corpus with prejudice.

In addition, the Court finds that there are no legal points which would be arguable on their merits in an appeal of this case.  Furthermore, the Court has determined <u>sua</u> <u>sponte</u> that no certificate of probable cause should issue in this case as any appeal would lack substantial merit.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE
